IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**GREGORY MARQUE HILLIE**                                                **PETITIONER**

**v.**                                                                  **No. 4:17CV183-GHD-JMV**

**SUPREME COURT FEDERAL, ET AL.**                              **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Gregory Marque Hillie for a writ of *habeas corpus* under 28 U.S.C. § 2254. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2241**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the

> writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2241, a federal court may issue the writ when any person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of that person – when the requirements of § 2254 and § 2255 do not apply. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Discussion

Other than the style of the case and some writing in the margins, Mr. Hillie's petition is substantially blank, with all the grounds for relief filled in with "n/a." What writing is legible is largely unintelligible. The court can discern only that Mr. Hillie is charged with first degree murder and aggravated assault in Case No. 2016-008-CR2, presumably in Bolivar County, Mississippi, where he is currently detained. In two places in the petition, Mr. Hillie refers to "fasty and speed trial" or "fast and speedy trial," but he has provided the court with no discernable allegations which might state a claim for *habeas corpus* relief. He also seems to argue that he faces federal charges and would like to be tried in federal court. None of these allegations state a claim that Mr. Hillie is being detained in violation of the Constitution or laws of the United States; as such, he has not stated a claim for federal *habeas corpus* relief.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be **DISMISSED** for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 11th day of April, 2018.

/s/ **MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**